BOLIN, Judge.
This is an appeal from a judgment sustaining exceptions to an action initiated by Myrl Jamison Hodson to dissolve attachments of specific items of property allegedly belonging to the community of acquets and gains existing between mover and his present wife, Alice W. Hodson. It is obvious from the pleadings this suit grew out of an action for divorce and property settlement instituted by Jane Darling Hodson, previous wife of mover, against Myrl Jamison Hodson. 292 So.2d 831 (La.App.2d Cir. 1974), writ refused.
The present action was commenced by a pleading designated as “Motions to Dissolve Attachments and Motion to Recognize Community Interest”, in which Myrl Hodson asserts that notice of seizure of his bank account, residence and certain investment accounts was improper and that the attachments of the properties should be dissolved. Mover alleges as the basis for the dissolution that the judgment, pursuant to which the seizures were accomplished, was a judgment obtained against Myrl Hodson for his separate debts; that the property seized belonged to the community of acquets and gains existing between him *849 and his second wife; that these community-assets were not susceptible to execution on a judgment obtained against Mr. Hodson. Apparently no appeal was taken from this judgment.
To this pleading Jane Darling Hodson filed among other things exceptions of res judicata and no cause of action as to the motion to dissolve. Thereafter, Alice Hodson filed a petition of intervention alleging the property referred to was seized by the sheriff under a writ of fieri facias and that the described property does not belong to her husband but, on the contrary, is owned by the community and is not susceptible to execution for a separate debt of her husband.
Subsequently, by amended and supplemental petition, Myrl Hodson joined his wife Alice Hodson as plaintiff in intervention, asserting the community interest in the seized property. Exceptions of no cause and no right of action were filed to the intervention.
Judgment was rendered sustaining the peremptory exceptions of no cause of action and res judicata to the motion of Myrl Hodson to dissolve attachments and to the petition of intervention of Myrl Hodson; further, in favor of Jane Hodson and against Alice Hodson sustaining the peremptory exception of no right of action to the latter’s petition of intervention.
From the above judgment only Myrl Hodson has perfected an appeal. Alice Hodson has neither asked for an appeal nor signed an appeal bond and, consequently, she is not an appellant.
The first pleading filed in this record, as stated earlier, is a motion to dissolve attachments and motion to recognize the community interest. Reference is made in this pleading to a judgment upon which the “attachment” or notice of seizure was predicated and the motion to dissolve bears the style “Jane Darling Hodson versus Myrl Jamison Hodson” which apparently is the case from which the present action emanated. However, this is mere speculation since no copy of that judgment or proceeding was attached to the motion nor is it made a part of the record. Viewing this pleading in the light most favorable to the mover, we are unable to find anything in the record upon which the lower court could have determined that the mover had asserted a cause of action. See Louisiana Code of Civil Procedure Articles 2298, 2592, 2593. The mover has neither proceeded in the manner required for in-junctive relief nor has he stated a ground for such relief under La.C.C.P. Arts. 2751, 2752 and 2753. We have found no authority in the Code of Civil Procedure for the filing of a motion to dissolve an “attachment” assuming the seizure was made pursuant to a writ of fieri facias based on a final judgment, and we affirm the dismissal of the motions.
We shall next review the record to determine whether Myrl Hodson, as inter-venor with his wife, has stated a cause of action on behalf of the community which could be protected by him. Louisiana Civil Code Article 2403, providing the manner in which antenuptial debts of the husband are to be acquitted, has recently been interpreted in Creech v. Capitol Mack, Inc., 287 So.2d 497 (La.1973), which is the latest expression of the Louisiana Supreme Court on the subject. Creech specifically overruled the prior decisions on this issue and held that the antenuptial debts of the husband may be satisfied from the assets of the community of acquets and gains. In view of this decision we find the lower court properly dismissed the petition of intervention of Myrl Hodson on behalf of the community.
The brief on appeal is filed on behalf of Alice W. Hodson, alleging herself to be intervenor-appellant, and is cosigned by Myrl Jamison Hodson, defendant-appellant. However, the entire brief is devoted to the alleged rights of Alice Hodson. The sole argument presented to this court is that La.C.C. Art. 2403, as inter *850 preted by Creech, deprives her of due process and equal protection of the law solely because of her sex, contrary to the United States Constitution. Since she has not appealed from the judgment of the lower court it is final as to her. Mr. Hod-son has advanced no arguments on appeal. He could not have raised the issue of constitutionality of Civil Code Article 2403 as it applies to his wife [intervenor] since she is claiming a right that allegedly belongs to her individually.
The judgment sustaining the exception of no cause of action against defendant and intervenor, Myrl Jamison Hodson, is affirmed at appellant’s cost.